# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**TAURUS TERRELLE HARRIS**                                                                        **PLAINTIFF**

**v.**                                                **CIVIL ACTION NO. 1:21-CV-86-GHD-DAS**

**SOUTH ATLANTIC GALVANIZING STEEL INC.**                  **DEFENDANT**

## ORDER DENYING MOTION TO SEAL

The plaintiff has filed a motion asking the court to "conceal [his] address out of fear for [his] life." Docket 7. He states, "I worry that if they know my address my life will be put in danger," however, the request does not specify who "they" are. The plaintiff does not specify what he would like sealed and the court notes several documents, including the exhibits submitted in support of the plaintiff's complaint and the instant motion, all contain the plaintiff's address.

Local Uniform Civil Rule 79 outlines the criteria for filing a motion to seal. Specifically, the Rule requires the movant file a "non-confidential supporting memoranda" containing a specific request as to how the document should be restricted, a statement of why sealing is necessary and why the means requested is the most appropriate, and references to governing case law. L.U.Civ.R. 79(e)(3). Moreover, the decision whether to order judicial records sealed is committed to the sound discretion of the district court, which must "balance the public's common-law right of access against the interests favoring nondisclosure." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). In doing so, the court must apply a "presumption in favor of the public's common law right of access." *Id*. at 849.

The instant motion lacks the specificity required by the Local Rules and is therefore **DENIED** without prejudice. The plaintiff may refile the motion in accordance with Rule 79

should he so choose.

  **SO ORDERED**, this the 8th day of June, 2021.

                /s/ David A. Sanders_____
                UNITED STATES MAGISTRATE JUDGE