# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**TAURUS TERRELL HARRIS**                                                          **PLAINTIFF**

**V.**                                                                   **CIVIL ACTION NO. 1:21-CV-86-GHD-DAS**

**SOUTH ATLANTIC GALVANIZING STEEL, INC.**                       **DEFENDANT**

## ORDER ON MOTIONS

The court has before it multiple motions filed by the *pro se* plaintiff. After considering the motions and the defendant's responses, the court rules as follows:

1. **MOTION TO APPOINT COUNSEL**

The plaintiff has filed a motion to appoint counsel to represent him in this action. While the defendant correctly points out that the plaintiff has not shown he lacks the means to obtain counsel, the court finds the motion must be denied. There is no general right to the appointment of counsel in civil litigation. *Wright v. Dallas County Sheriff Department*, 660 F.2d 623, 625-26 (5th Cir. 1981); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). Unless there are "exceptional circumstances," a district court is not required to appoint counsel to represent indigent plaintiffs in a civil action. *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982); *see also*, *Feist v. Jefferson County Commissioners Court*, 778 F.2d 250, 253 (5th Cir. 1985). The Fifth Circuit in *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982) identified four factors to be considered in ruling on requests for appointment of counsel:

    (1)   The type and complexity of the case;

    (2)   Whether the indigent is capable of adequately presenting his case;

>(3) Whether the indigent is in a position to investigate the case adequately; and
>
>(4) Whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination of witnesses.

*Id*. at 212-13; *see also*, *Jackson v. Dallas Police Dept.*, 811 F.2d 260, 262 (5th Cir. 1986).

The court should also consider whether the appointment of counsel would be a "service" to the indigent and the court when representation by counsel may sharpen the presentation of the issues, shorten the trial, and assist the court in reaching a just determination. *Ulmer*, 691 F.2d at 213.

In the instant case, Harris has alleged race and disability discrimination in his termination by the defendant and in the failure to promote him, accommodate his disability and alleges retaliation and harassment. The defendants have a pending motion to dismiss the suit for failure to state a claim. The defendants claim the defendant was considered a voluntary quit because he failed to show for work or call in to advise of any need to miss work. The plaintiff disputes the circumstances of his employment ending with the defendant. Harris filed an EEOC complaint based on his alleged termination, which was dismissed by the EEOC as untimely, having been filed 185 days after his termination. The defendant asserts that because the plaintiff's EEOC claim was not timely filed, and because the other grounds listed in the complaint have not been included in a complaint before the EEOC and cannot now be timely filed, that the complaint should be dismissed.

As directed by the Fifth Circuit in *Jackson v. Dallas Police Dept.*, 811 F.2d 260, 262 (5th Cir. 1986), the court makes the following specific findings:

**Type and complexity of the case**. The issues of the timeliness of the EEOC complaint and the failure to exhaust are fairly simple and straightforward. case. The issue will be decided on the EEOC complaint and application of the law. Because the case involves such a simple matter, this factor weighs against appointing counsel.

**Ability of indigent to adequately present his case**. After a review of the court file the undersigned is satisfied that he is capable of presenting his claim with limited assistance from the court. Looking at the complaint and other documents filed, the court sees the plaintiff also has demonstrated his ability to file competent pleadings with the court.

**Ability of indigent to adequately investigate his case**. At this juncture in the case, there is no need for fact investigation of this case. The plaintiff has personal knowledge about the incident and documents pertinent to the motion to dismiss.

Finally, the undersigned is of the opinion that the plaintiff will be able to present his claim with reasonable effectiveness if it goes to trial. The court does not believe that the development of the facts of this case will require extraordinary skills in cross-examination or the presentation of evidence. The court is of the opinion that the instant action presents relatively simple and straightforward claims, and the plaintiff will be able to investigate and adequately present his case to the court. The undersigned finds that there are no "exceptional circumstances" in this case which warrant the appointment of counsel by the court. Accordingly, the motion for appointment of counsel is **denied**.

2. **MOTION FOR SUBPOENA DUCES TECUM**

The plaintiff is not entitled to any discovery at this time. The court has not set this matter for a case management conference and any request for discovery to the defendant or a third party is premature. The motion is therefore denied.

### 3. MOTION FOR A HEARING

The plaintiff has also requested a face-to-face meeting as his preferred method of communicating with the court.

SO ORDERED this the 8th day of September, 2021.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**