IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

TAURUS TERRELLE HARRIS                                              PLAINTIFF

v.                                              CIVIL ACTION NO. 1:21-CV-00086-GHD-DAS

SOUTH ATLANTIC GALVANIZING
STEEL INC.                                                          DEFENDANT

## OPINION GRANTING DEFENDANT'S MOTION TO DISMISS

Presently before the Court in this employment dispute, in which the Plaintiff is proceeding *pro se*, is the Defendant's Motion to Dismiss [14] pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure. Upon due consideration and as set forth below, the Court finds that the motion should be granted and the Plaintiff's claims dismissed.

### I.  Factual and Procedural Background

The Plaintiff was employed by the Defendant as a forklift driver beginning in July 2019. [Complaint and Charge of Discrimination, Doc. No. 1-1, at 6]. The Plaintiff's employment ended on April 24, 2020, after he missed three scheduled work days in a row and failed to call in or notify the Defendant of his absence, thereby violating the Defendant's "no-call, no-show" policy. [*Id.*]

The Plaintiff then filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 26, 2020, which was 185 days after his employment ended, alleging race and disability discrimination [1-1]. The EEOC dismissed the Plaintiff's Charge as untimely filed, stating that "[y]our charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge." [1-1, at p. 2]. The Plaintiff then filed his Complaint [1] in this matter on May 18, 2021, alleging claims under Title VII and the Americans with Disabilities Act ("ADA") for failure to

promote, failure to accommodate disability, retaliation, sex and race discrimination, and harassment [1]. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Defendant now moves to dismiss the Plaintiff's claims as untimely.

## II. Standard for Rule 12(b)(6) Dismissal

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). The Court accepts all well-pleaded facts in the complaint as true and views those facts in the light most favorable to the Plaintiff. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a

claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955). Since *Iqbal,* however, the Fifth Circuit has clarified that the Supreme Court's "emphasis on the plausibility of a complaint's allegations does not give district courts license to look behind those allegations and independently assess the likelihood that the plaintiff will be able to prove them at trial." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n. 44 (5th Cir. 2011). A statute of limitations may "support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

### III. Analysis

A plaintiff who wishes to bring a lawsuit under Title VII or the ADA must first exhaust his administrative remedies by filing a *timely* Charge of Discrimination with the EEOC and receiving a statutory notice of the right to sue the party named in the Charge. *Taylor v. Books a Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002); *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) (holding that the ADA incorporates by reference Title VII's administrative procedures); *Hoskins v. GE Aviation*, No. 3:17-CV-224-M, 2019 WL 1339246, at *3-*4 (N.D. Miss. Mar. 25, 2019) (dismissing discrimination and retaliation claims that were subject of untimely EEOC charge). In Mississippi, the deadline for the filing of an EEOC Charge is within 180 days of the allegedly unlawful discriminatory employment action; this statutory limit is applied with precision and strict adherence. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 108 (2002); *Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 232 (5th Cir. 1999). Thus, this deadline is a statutory precondition for filing an action under Title VII or the ADA. *National R.R. Passenger Corp.*, 536

3

U.S. at 109-113. "Generally, when an employment discrimination charge is untimely filed with the EEOC ..., a suit based upon the untimely charge should be dismissed." *Kirkland v. Big Lots Store, Inc.*, 547 Fed. Appx. 570, 573 (5th Cir. 2013).

In the case *sub judice*, the Plaintiff asserts claims under Title VII and the ADA. He did not, however, as the EEOC noted in its Dismissal and Notice of Rights [1-1], successfully exhaust his administrative remedies by filing a timely Charge of Discrimination within 180 days of his termination from employment. The Plaintiff, in both his Complaint and his response, did not directly address this untimeliness, but rather made further factual allegations regarding his claims. Accordingly, and because the Court in reviewing the record finds no grounds to equitably toll the limitations period in the Plaintiff's favor, the Court finds that the Plaintiff's claims are untimely and shall be dismissed.

## IV. Conclusion

For the above-stated reasons, the Court finds that the Defendant's motion to dismiss [14] shall be granted, and the Plaintiff's claims shall be dismissed.

An order in accordance with this opinion shall issue this day.

THIS, the 15th day of March, 2022.

_____
SENIOR U.S. DISTRICT JUDGE